Dear Mr. Montgomery:
You have requested an Attorney General's opinion regarding the authority of the Louisiana Department of Agriculture Forestry (hereinafter "LDAF") to receive and protect confidential business information from businesses regarding the introduction, movement or release of regulated articles in Louisiana.
Specifically, you ask whether this confidential business information received by the LDAF pursuant to its regulatory authority is exempt from Louisiana's Public Records Act. You also ask whether any pertinent exemption to the Public Records Act under Louisiana Law is substantially the same as the exemption provided in the federal Freedom of Information Act for these purposes.
LSA-R.S. 44:4, in pertinent part, mandates:
 This Chapter shall not apply:
 * * * * *
 (3) To any records, writings, accounts, letters, letter books, photographs or copies thereof, in the custody or control of any officer, employee, agent or agency of the state whose duties and functions are to investigate, examine, manage in whole or in part, or liquidate the business of any private person, firm or corporation in this state, when the records, writings, accounts, letters, letter books, photographs or copies thereof, pertain to the business of the private person, firm or corporation, and are in their nature confidential.
In Attorney General Opinion Number 89-598, our office interprets LSA-R.S. 44:4(3) to exempt information or documents from the right of public inspection if the following criterion are met: (1) the agency must be a state agency, (2) the agency must be charged by law with the duty to "investigate", (3) the business practices of private persons, firms and corporations in this state, (4) which investigation requires the acquisition and custody of certain business records of private parties, and (5) those records must be designated "confidential."
In that same opinion, our office cites LSA-R.S. 49:956(8) in order to determine what qualifies as confidential information for these purposes. LSA-R.S. 49:956(8), in part, states:
 (a) Records and documents, in the possession of any agency or of any officer or employee thereof including any written conclusions drawn therefrom, which are deemed confidential and privileged shall not be made available for adjudication proceedings of that agency and shall not be subject to subpoena by any person or other state or federal agency.
 (b) Such records or documents shall only include any private contracts, geological and geophysical information and data, trade secrets and commercial or financial data, which are obtained by an agency through a voluntary agreement between the agency and any person, which said records and documents are designated as confidential and privileged by the parties when obtained, or records and documents which are specifically exempt from disclosure by statute.
LSA-R.S. 49:956 applies to adjudication proceedings of state agencies. The LDAF is a state agency charged by law to investigate and examine the business practices of private persons, firms and corporations in this state, specifically those business practices that relate to the growing, harvesting, processing, preparing, labeling, distributing, marketing, certifying, or registering seed and other propagating stock in Louisiana. LSA-R.S. 3:1431-1448. This investigation requires the acquisition and custody of certain business records of these private persons, firms and corporations that may be considered confidential, as they are trade secrets and commercial data.
Moreover, you state this information obtained by the LDAF through voluntary agreement between itself and the private entity is designated confidential and privileged in that documentation. Consequently, the definition of confidential information provided in LSA-R.S. 49:956(8) is applicable and exempts that acquired information.
Finally, 5 USCA § 552(b)(4) states the Federal Freedom of Information Act does not apply to "trade secrets and commercial or financial information obtained from a person and privileged or confidential." For the specific purposes discussed above, this exemption effectively parallels the Louisiana's exemption regarding confidential and privileged data including trade secrets and certain restricted commercial information.
I trust this addresses your concerns. Please contact this office if you require further assistance.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF/mb
Syllabus
Mr. J. Marvin Montgomery Louisiana Department of Agriculture Forestry Post Office Box 631 Baton Rouge, Louisiana 70821
Date Received: Date Released: March 3, 2000
CARLOS M. FINALET, III ASSISTANT ATTORNEY GENERAL